CEDAR RAPIDS & MARION CITY RAILWAY COMPANY, Appellant, v. CITY OF CEDAR RAPIDS, Appellee.

MUNICIPAL CORPORATIONS: Public Improvements—Street Railways—Tracks on Paved Street—Reimbursement of Property Owners. A street railway company which, under franchise, lays its tracks upon a paved street, prior to any legal proceedings by the city to repave the street, and in so doing replaces, in accordance with the franchise, the old pavement in the space between its rails and one foot outside thereof with a new pavement, becomes obligated to pay the city, for refund to the abutting property owners, the reasonable value of the old pavement removed, even though, *following* the laying of the tracks, the

city did proceed to repave said street; and especially is this true when the necessity for repaving was traceable, in some degree, to the damages done to the old pavement by the company in laying its tracks. Sec. 835, Code Supp., 1913.

*Appeal from Linn District Court.*—JOHN T. MOFFIT, Judge.

MONDAY, JUNE 25, 1917.

JUDGMENT was entered in the court below against appellant for the value of old paving injured while laying its tracks upon a portion of Third Avenue in the city of Cedar Rapids. The facts are stated in the opinion.—*Affirmed.*

*Barnes, Chamberlain & Randall,* for appellant.

*O. N. Elliott, F. H. Randall, F. F. Dawley* and *C. F. Luberger,* for appellee.

STEVENS, J.—On March 17, 1913, the

MUNICIPAL CORPORATIONS : public improve- ments : street railways : tracks on paved street : reim- bursement of property own- ers.

city of Cedar Rapids granted to appellant a franchise to construct certain additional tracks and to operate its railway upon and over a portion of Third Avenue in said city. As a part of the conditions on which the franchise was granted, appellant agreed to, and did, pave the street between the rails and double track and for one foot on each side of the outer rail, and also to reconstruct such curbing as was rendered necessary by the company improvement. On June 12, 1914, the city council passed a resolution fixing the value of the old pavement at the sum of $1,344, and requiring appellant to deposit with the city treasurer such sum as rebate to the property owners on account of damages to the old paving as required by Section 835 of the Code. The resolution adopted by the city council found the value of the old paving on Third Avenue from Fourth to Twelfth Streets to be

40 cents per square yard, and from Twelfth to Beaver Streets to be 60 cents per square yard. Upon receiving notice of the above resolution from the city clerk, appellant filed objections thereto, urging, among other grounds, the following: (a) That the price fixed for the old paving was excessive; (b) that the old paving was practically worn out and worthless; (c) that the city council had, about the time of granting the franchise, agreed to order the street in question repaved, at the time the work of appellant was to be done; and (d) that the entire space occupied by the new tracks was repaved by appellant, and that no charge should be made against it on account of the old paving.

These objections being overruled by the city council, the street railway company appealed to the district court of Linn County, where said cause was tried before the court upon a stipulation, and without formal pleadings. The stipulation, in substance, provided that the court should determine: (a) Whether the railway company was liable for the value of the old paving; (b) that, in the event the court so found, it should fix the amount to be paid by the railway company. The cause was tried to the court, and judgment was rendered against the defendant for $672. Defendant appeals.

I. It is contended on behalf of appellant that the city council was proposing to repave the street in question at the time it was granted the franchise in question; that said street was shortly thereafter repaved; and that, under Section 835 of the Code, it was not liable for the value of the old paving or for injury or damages thereto. This section provides:

"Before any street railway company shall lay its track upon any street that has been paved, and which at the time is not being repaved, it shall pay into the city treasury the value of all paving between its tracks, and one foot

outside thereof, which value shall be determined by the city council, but in no case shall exceed the original cost of the paving, and the money thus paid shall be refunded to the abutting property owners on said street in proportion to the amounts originally assessed against the property abutting thereon."

Evidence offered upon the trial showed that, on July 10, 1914, a resolution of necessity providing for the repavement of the street in question was filed in the office of the city clerk, and, on the 7th of the following month, same was passed by the city council. On the 18th day of August, a resolution ordering the repavement of the street in question was passed by the city council, and, on the 28th day of the same month, a contract for the work was let to the Ford Paving Company of Cedar Rapids. The bid of the Ford Paving Company proposed to allow the city 20 cents per square yard for the brick in the old paving. Other contractors proposed to allow from 28 to 40 cents per square yard therefor. The franchise above referred to required appellant to complete its contemplated improvement on or before January 1, 1915. The evidence showed that, in making its improvement, appellant to some extent disturbed and injured the old paving. The resolution passed by the city council August 4, 1914, took cognizance of this fact, as it recited that—

"Whereas, owing to the double track on Third Avenue from Fourth to Fourteenth Streets, the old brick paving has become disturbed, and the street is in a very unsatisfactory condition."

It is also claimed by appellant that, at the time the franchise was granted to it, it was understood that the street in question was to be ordered repaved by the city authorities.

The exact time is not shown when appellant completed its improvement, nor when the street in question

was repaved; but the resolution ordering the repaving provided that the work should commence on the 28th of August, 1914, and be completed on the 15th of October of the same year. Presumably, the work was done within the time required. The objections filed by appellant to the resolution June 12, 1914, were doubtless filed within a few days after said date. The record is that same was filed "immediately thereafter." It was stated, in the objection filed on the above date, that the entire space occupied by the new tracks had been entirely repaved by appellant, so that it may be assumed that its improvement had been completed prior to the adoption of the resolution of June 12th. At this time, no steps had been taken by the city council for the repaving of the street in question; but, as above stated, the resolution of necessity was filed in the office of the city clerk for public inspection on July 10, 1914. It appears, therefore, from the evidence, that the repaving of the street in question was not ordered by the city council until after the completion of appellant's improvement; hence, the street was not being repaved at the time appellant was laying its new tracks.

This statute, however, required appellant to pay to the city treasurer the value of the old paving, same to be fixed and determined by the city council. The resolution passed was in compliance with the statute, and for the purpose of informing appellant of the value fixed by the council of the old paving, and to demand the payment to the city treasurer of the amount thus fixed. This being true, the court rightly found that the street railway company was liable, and should pay to the city treasurer the value of the old paving.

The purpose of the statute evidently is to preserve to the property owners the fair value of the old paving. The evidence showed that, while the paving was in bad condition and would soon have to be replaced, it was of some

value to the property owners, and, under the provisions of the statute, it was the right of the city council to fix the reasonable value of the old improvement, and the duty of appellant to pay to the city treasurer the sum so fixed by the city council, for the use and benefit of the owners of the property abutting upon the portion of the street in question.

II. The only remaining question requiring the consideration of the court relates to the amount of the damages allowed. Upon this point, the evidence was in conflict, but tended to show that the pavement had been laid a good many years; that it was badly worn, and that the street was much in need of new paving; but the successful bidder for the work of putting in the new pavement proposed to allow 20 cents per square yard for the old brick. This is substantially the value found by the court. We see no reason for interfering with this finding. In any event, the question under the stipulation was one of fact, and, under the well-known rules of this court, has the effect of a verdict of the jury, and will not be interfered with on appeal, where there is a conflict in the evidence.

The amount found by the trial court appears to have been well sustained by the evidence. We discover no reversible error in the record, and the judgment of the lower court should be affirmed.—*Affirmed.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.